# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | Case No. 16-23901-GLT |
| **Maya Restaurants, Inc.,** | : | |
| | : | Chapter 7 |
| **Debtor** | : | |

*************************************************************************

| | | |
|---|---|---|
| **James R. Walsh, Esquire, Trustee of** | : | |
| **the Bankruptcy Estate of Maya** | : | |
| **Restaurants, Inc.,** | : | Adversary No. |
| | : | |
| **Plaintiff** | : | Doc. No. 1 |
| | : | |
| v. | : | Hearing Date & Time: |
| | : | |
| **Sivram Margabandhu a/k/a** | : | |
| **Sivram Bandhu,** | : | |
| | : | |
| **Defendant** | : | |

*************************************************************************

**COMPLAINT TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 548
AND POST-PETITION TRANSACTION PURSUANT TO 11 U.S.C. § 549**

NOW COMES James R. Walsh, Esquire, Trustee of the Bankruptcy Estate of Maya Restaurants, Inc. by and through his undersigned counsel, and does file the within Complaint to Avoid Fraudulent Transfer Pursuant to 11 U.S.C. § 548 and Post-Petition Transaction Pursuant to 11 U.S.C. § 549, upon a cause whereof the following is a statement, to wit:

1.  The Debtor, Maya Restaurants, Inc. ("Debtor"), is a Pennsylvania business corporation that commenced the instant case by filing a voluntary petition for relief pursuant to the provisions of Chapter 11 of Title 11 of the U.S. Code, 11 U.S.C. §101, et seq., on October 18, 2016.

2. By Order of Court dated September 29, 2017, the case was converted to a case under Chapter 7.

3. The United States Trustee appointed Rosemary C. Crawford as Interim Trustee pursuant to 11 U.S.C. § 701 of the Code.

4. The said Rosemary C. Crawford conducted the Section 341 meeting and served as Chapter 7 Trustee pursuant to Section 702(d) of the Code.

5. The said Rosemary C. Crawford resigned as the Chapter 7 Trustee on April 6, 2018.

6. The United States Trustee appointed James R. Walsh, Esquire as successor trustee pursuant to 11 U.S.C. § 703 of the Code on April 6, 2018.

7. The said James R. Walsh, Esquire ("Trustee") serves as Chapter 7 Trustee pursuant to Section 702(d) of the Code and has a mailing address in care of Spence, Custer, Saylor, Wolfe & Rose, LLC, 1067 Menoher Boulevard, Johnstown, PA 15905.

8. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

9. The Defendant, Sivram Margabandhu a/k/a Sivram Bandhu ("Defendant"), is an adult individual with a last known mailing address of 1093 Lakemont Drive, Pittsburgh, PA 15243.

10. Pursuant to 11 U.S.C. §101(31), the term "insider" includes – (B) if the debtor is a corporation – (i) director of the debtor; (ii) officer of the debtor; (iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or **(vi) relative of a general partner, director, officer, or person in control of the debtor** (emphasis added). The Defendant is the brother of the Debtor's president, Prasad Bandhu. Upon

information and belief, the Debtor's president, Prasad Bandhu, is the sole shareholder of the Debtor. Accordingly, the Defendant is an "insider" as the term is defined in 11 U.S.C. § 101.

## BACKGROUND

11. The Debtor, in response to Question 4 of the Statement of Financial Affairs, which required the disclosure of "[p]ayments or other transfer of property made within 1 year before filing this case that benefited any insider[,]" responded under the penalty of perjury that it had not made any transfer to an insider within the one (1) year period prior to the filing of the underlying bankruptcy case.

12. Under questioning at the Meeting of Creditors by former Chapter 7 Trustee, Rosemary Crawford, the Debtor's president, Prasad Bandhu testified under oath and the penalty of perjury that the petition, schedules and related documents were true and correct and that there were no errors or omissions that needed addressed. Additionally, the Debtor's president testified that, in the one (1) year prior to the filing of the underlying bankruptcy case, the Debtor did not transfer any assets.

13. Under questioning at the Meeting of Creditors held in front of the Trustee on September 21, 2018, the Debtor's president, Prasad Bandhu, asserted his Fifth Amendment right against self-incrimination and refused to testify regarding whether the Debtor had made any transfers in the one (1) year period prior to the filing of the underlying bankruptcy case or post-petition.

14. Upon inspection of the records associated with the Debtor's First Commonwealth Bank checking account, account number xxxxxxx5216 ("Debtor's Account"), the Trustee became aware of two (2) significant disbursements made to the Defendant. First, by checking/money market withdrawal ticket dated October 14, 2016, four (4) days prior to the

filing of the voluntary petition for relief, the Debtor remitted payment in the amount of $2,500.00 to the Defendant ("Pre-Petition Withdrawal").  The Defendant accepted this payment as evidenced by the appearance of his name, "Sivram Bandhu," on the withdrawal ticket.  Second, by checking/money market withdrawal ticket dated October 25, 2016, approximately seven (7) days after the filing of the voluntary petition for relief, the Debtor remitted payment to the Defendant in the amount of $14,915.00 ("Post-Petition Withdrawal").  The Defendant accepted this payment and his acknowledgement of its receipt is evidenced by the appearance of his nickname, "Shiv," on the withdrawal ticket.  Upon information and belief, the Defendant is also known as "Shiv."  A copy of the monthly statement from Debtor's Account held at First Commonwealth Bank for the month of October 2016 is attached hereto and marked as Exhibit "A."

15.   On several occasions, the Trustee, through counsel, sought information regarding the aforementioned pre and post-petition transactions from the Debtor through its authorized representative.  Counsel's inquiries were ignored by the Debtor.

16.   By letter dated September 10, 2018, the Trustee, in an effort to avoid litigation, made demand on the Defendant for a total of $17,415.00, which represents the combined total of both the avoidable pre and post-petition transfers described above.  To date, neither the Trustee nor counsel for the Trustee have been contacted by the Defendant or received any funds from the Defendant related to the Trustee's demand.

### COUNT I – COMPLAINT TO AVOID FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §548

17.   The averments of Paragraphs 1 through 16 are incorporated by reference as fully and completely as if restated herein at length.

18.   Section 548 of the Bankruptcy Code provides as pertinent:

>    (a)(1)  The trustee may avoid any transfer […] of an interest of the debtor in property, or any obligation […] incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
>
>    (A)    made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
>    (B)(i)  received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
>    (ii)(I)  was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation […].

11 U.S.C. § 548(a)(1)(A)-(B)(ii)(I).

19.    The Defendant withdrew or caused the Debtor to withdraw funds totaling $2,500.00 from the Debtor's Account within the two (2) years prior to the filing of the voluntary petition for relief.

20.    The Debtor transferred the funds totaling $2,500.00 with the actual intent to hinder, delay, or defraud any entity to which the debtor was or became indebted.

21.    The Debtor transferred the funds totaling $2,500.00 without receiving a reasonably equivalent value in exchange.  Upon information and belief, after reviewing the financial records of the Debtor, the Trustee avers that the Debtor received nothing in exchange for the transfer of the $2,500.00 to the Defendant.

22.    The Debtor was insolvent on the date that the transfer was made or became insolvent as a result of such transfer.   Evidence of the Debtor's insolvency can be found in the fact that the Debtor filed its voluntary petition for relief on October 18, 2016, a mere four (4) days after the Pre-Petition Withdrawal.

23. The transfer of the funds totaling $2,500.00 is a fraudulent transfer, avoidable *in toto* by the Trustee pursuant to Section 548 of the Bankruptcy Code.

24. Section 550 of the Bankruptcy Code provides as pertinent:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section […] 548 […] of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a)(1)-(2).

**WHEREFORE**, the Trustee respectfully requests that the Court find that the Pre-Petition Withdrawal, which constitutes a transfer of funds totaling $2,500.00 from the Debtor to the Defendant, was and is a fraudulent transfer, avoidable *in toto* pursuant to Section 548 of the Bankruptcy Code, for which the Defendant is liable pursuant to Section 550(a)(1) and (2) of the Code, and accordingly, to enter judgment for the value of the fraudulently transferred funds totaling $2,500.00 as well as interest at six percent (6%) on said amount from the date of the filing of the underlying case and all costs of this action against Defendant, and further, he does authorize his undersigned counsel to file the within Complaint on his behalf.

### COUNT II – COMPLAINT TO AVOID UNAUTHORIZED POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. §549

25. The averments of Paragraphs 1 through 24 are incorporated by reference as fully and completely as if restated herein at length.

26. Section 549 of the Bankruptcy Code provides as pertinent:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate –

    (1)    the occurs after the commencement of the case; and

    (2)(A)    that is authorized only under section 303(f) or 542(c) of this title; or

        (B)  that is not authorized under this title or by the court.

11 U.S.C. § 549(a)(1)-(2).

27. The Defendant withdrew or caused the Debtor to withdraw funds totaling $14,915.00 from the Debtor's Account on October 25, 2016, eight (8) days after the Debtor filed its voluntary petition for relief.

28. Section 303(f) is not applicable to the case at bar as the instant bankruptcy case was not commenced by the filing of an involuntary petition for relief.

29. Similarly, Section 542(c) is inapplicable to the case at bar as Section 542 deals with the turnover of property of the estate; the Defendant was never in possession and/or control of the property of the estate that is the subject of the within complaint.

30. A review of the docket in this case indicates that the transfer of funds totaling $14,915.00 to the Defendant was not authorized by the Bankruptcy Code or this Court as the record is void of any order approving payment of the same.

31. The transfer of the funds totaling $14,915.00 is a post-petition transfer, avoidable *in toto* by the Trustee pursuant to Section 549 of the Bankruptcy Code.

32. Section 550 of the Bankruptcy Code provides as pertinent:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section […] 549 […] of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –

    (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

    (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a)(1)-(2).

**WHEREFORE**, the Trustee respectfully requests that the Court find that the Post-Petition Withdrawal, which constitutes a transfer of funds totaling $14,915.00 from the Debtor to the Defendant, was and is a post-petition transaction, avoidable *in toto* pursuant to Section 549 of the Bankruptcy Code, for which the Defendant is liable pursuant to Section 550(a)(1) and (2) of the Code, and accordingly, to enter judgment for the value of the post-petition transaction involving funds totaling $14,915.00 as well as interest at six percent (6%) on said amount from the date of the filing of the underlying case and all costs of this action against Defendant, and further, he does authorize his undersigned counsel to file the within Complaint on his behalf.

Dated: <u>October 16, 2018</u>     Spence, Custer, Saylor, Wolfe & Rose, LLC

By:     */s/ Kevin J. Petak,*
James R. Walsh, Esquire
PA ID # 27901
Kevin J. Petak, Esquire
PA ID # 92154
George J. Bivens, Esquire
PA ID # 324789
1067 Menoher Boulevard
Johnstown, PA 15905
Tel: 814.536.0735
Fax: 814.539.1423
Email: kpetak@spencecuster.com
*Attorneys for Trustee/Plaintiff*